**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randolph Wolfson, ) | No. CV-08-8064-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| J. William Brammer, Jr., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Randolph Wolfson is a lawyer admitted to the State Bar of Arizona. In 2006, and again in 2008, he was an unsuccessful candidate for judge of the Superior Court of Arizona in Mohave County. On May 21, 2008, during his second campaign, Wolfson filed this action against the members of the Arizona Commission on Judicial Conduct and the members of the Arizona Disciplinary Commission (collectively, the "Commission Defendants"), as well as Robert Van Wyck, Chief Bar Counsel for the State Bar of Arizona ("Bar Counsel"), claiming that six canons of the Code of Judicial Conduct, Rule 81, Rules of the Supreme Court of Arizona, (the "Code"), unconstitutionally limit his right to free speech either as a judicial candidate or as a judge. Wolfson claims that his constitutionally protected speech is chilled by his compelled adherence to Canons 3(E)(1)(e), 5(A)(1)(b), 5(A)(1)(c), 5(A)(1)(d), 5(B)(1)(d)(i), and 5(B)(2) of the Code in that he will be subjected to

professional discipline if he announces his views on controversial legal and political issues,[1] endorses other candidates, personally solicits funds for his own campaign, participates in political campaigns other than his own, supports candidates and state ballot initiatives, or associates himself with political groups. It is undisputed that no disciplinary proceeding has ever been initiated or threatened against him. He asks this court to declare these canons unconstitutional and seeks to enjoin the defendants from enforcing them.

On September 23, 2008, we entered an order denying Wolfson's motion for preliminary injunction, concluding that Wolfson could not show a probability of success on the merits of any of his First Amendment claims (doc. 34).[2] In November 2008, before the present motions were fully briefed, Wolfson lost his bid for judicial office. In his supplemental reply to his motion for summary judgment (filed at our request), Wolfson stated that he does not intend to be a candidate in the next election (doc. 46). Defendants argue, among other things, that because this case is moot we lack jurisdiction under Article III to hear Wolfson's constitutional challenges.

We now have before us the Commission Defendants' motion to dismiss (doc. 19), Wolfson's response (doc. 26), and the Commission Defendants' reply (doc. 31); Bar Counsel's motion to dismiss (doc. 20), Wolfson's response (doc. 25), Bar Counsel's reply (doc. 30); and Wolfson's motion for summary judgment (doc. 35), Bar Counsel's response (doc. 39), the Commission Defendants' response (doc. 41), Wolfson's replies (docs. 43, 44), and supplemental reply (doc. 46).

---

[1] He makes this claim even though the Code and the defendants acknowledge that Republican Party of Minnesota v. White, 536 U.S. 765, 122 S. Ct. 2528 (2002), guarantees his right to announce his views on disputed legal or political issues.

[2] Among other things, we concluded that because Wolfson claimed he did not intend to make "pledges, promises, or commitments" within the meaning of Canon 5(B)(1)(d)(i) and Canon 3(E)(1)(e) of the Code, there was no case or controversy with respect to these two provisions. Wolfson v. Brammer, No. 08-CV-8064, 2008 WL 4372459, at *1 (D. Ariz. Sept. 23, 2008).

1     Under Article III, a federal court has jurisdiction to hear "only actual, ongoing cases
2 or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249,
3 1253 (1990). A case becomes moot "when the issues presented are no longer 'live' or the
4 parties lack a legally cognizable interest in the outcome." Porter v. Jones, 319 F.3d 483, 489
5 (9th Cir. 2003). An established exception to the mootness doctrine exists, however, if the
6 underlying dispute between the parties is "capable of repetition, yet evading review." So.
7 Pac. Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S. Ct. 279, 283 (1911). This limited
8 exception is available only where (1) the challenged conduct is in its duration too short to be
9 fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that
10 the same complaining party will be subjected to the same action again. Weinstein v.
11 Bradford, 423 U.S. 147, 149, 96 S. Ct. 347, 349 (1975); see also Lewis, 494 U.S. at 481, 110
12 S. Ct. at 1255. "Election cases often fall within this exception, because the inherently brief
13 duration of an election is almost invariably too short to enable full litigation on the merits."
14 Porter, 319 F.3d at 490.

15     As to the first prong of the mootness exception, there is little doubt that the campaign
16 period before the 2008 general election was too brief to permit full litigation on the merits
17 of the issues presented, and therefore these claims are likely to evade review.

18     The second prong of the "capable of repetition" exception presents a more difficult
19 question. "Article III denies federal courts the power to decide questions that cannot affect
20 the rights of litigants in the case before them." Lewis, 494 U.S. at 477, 110 S. Ct. at 1253
21 (quotation omitted). Therefore, the second prong requires a "'reasonable expectation' or
22 'demonstrated probability' that the same controversy will recur involving *the same*
23 *complaining party*." Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 1184 (1982)
24 (emphasis added). "[A] mere physical or theoretical possibility [is not] sufficient to satisfy
25 the test . . . . If this were true, virtually any matter of short duration would be reviewable."
26 Id.

27     In recent election cases, the United States Supreme Court has held that, although the
28 elections concluded before the issues were decided, the cases were capable of repetition yet

- 3 -

1  evading review where the plaintiff "made a public statement expressing his intent to [self-
2  finance another bid for a House seat]," <u>Davis v. Fed. Election Comm'n</u>, 128 S. Ct. 2759,
3  2770 (2008); the plaintiff "credibly claimed that it planned on running . . . broadcast ads
4  mentioning a candidate within the blackout period," <u>Fed. Election Comm'n v. Wisconsin</u>
5  <u>Right to Life</u>, 127 S. Ct. 2652, 2663 (2007); the plaintiff "represented, as on officer of this
6  Court, that he plans to run again," <u>Chandler v. Miller</u>, 520 U.S. 305, 313 n.2, 117 S. Ct. 1295,
7  1300 n.2 (1997); the plaintiff "remains a candidate for the office . . . in [the new] election,"
8  <u>Int'l Org. of Masters, Mates & Pilots v. Brown</u>, 498 U.S. 466, 473 n.8, 111 S. Ct. 880, 885
9  n.8 (1991); and the plaintiffs "insist[ed] they will continue to oppose the constitutional
10 amendment," <u>First Nat'l Bank v. Bellotti</u>, 435 U.S. 765, 775, 98 S. Ct. 1407, 1415 (1978).
11 In every instance, the Court considered significant the fact that there was some evidence,
12 however slight, of the plaintiff's intention to engage in the challenged conduct in the future.

13      In his supplemental reply, Wolfson affirmatively states that he does not intend to be
14 a candidate in the next election. He also does not express an intention to be a candidate in
15 any election in the near future. Nevertheless, relying on <u>Schaefer v. Townsend</u>, 215 F.3d
16 1031 (9th Cir. 2000), he argues that this fact is irrelevant to our mootness analysis.

17      In <u>Schaefer</u>, the court rejected the proposition that "*only* when a candidate plans to
18 seek reelection is the case not moot" under the capable of repetition yet evading review
19 doctrine. <u>Id.</u> at 1033 (emphasis in original). Notwithstanding that the election was over and
20 that Schaefer refused to disclose whether he intended to run for office again, the Ninth
21 Circuit held that the case remained capable of repetition, yet evading review. <u>Schaefer</u> relied
22 primarily on <u>Dunn v. Blumstein</u>, 405 U.S. 330, 92 S. Ct. 995 (1972), where Dunn challenged
23 the constitutionality of a state's residency requirements that denied his right to vote. The
24 Court held that the case was not rendered moot by the fact that, before a decision on the
25 merits was reached, Dunn met the residency requirements and was no longer prohibited from
26 voting. <u>Dunn</u>, however, is fundamentally distinguishable from the instant case in that it was
27 a class action in which Dunn represented a class of voters affected by the challenged statute.
28 <u>Id.</u> at 331, 92 S. Ct. at 997. The Court ruled that the case was not moot because Dunn had

1  "standing to challenge [the residency requirements] as a member of the class of people
2  affected by the presently written statute." Id. at 333, 92 S. Ct. at 998. The case before us is
3  not a class action and Wolfson has presented no argument that he has standing to challenge
4  the Code on behalf of any other individual.

5  Despite the fact that Schaefer did not require any showing of a "reasonable
6  expectation" or "demonstrated probability" that the "same controversy will recur involving
7  the same complaining party," Murphy, 455 U.S. at 482, 102 S. Ct. at 1184, other Ninth
8  Circuit cases have considered such a showing significant in their mootness analysis. See,
9  e.g., Porter, 319 F.3d at 490 (court found significant fact that plaintiff had "expressed his
10 intent" to engage in the challenged conduct in a future election); Baldwin v. Redwood City,
11 540 F.2d 1360, 1365 (9th Cir. 1976) (holding that the controversy was capable of repetition,
12 yet evading review because plaintiff testified that he wanted to engage in the challenged
13 conduct in future elections); Miller v. California Pac. Med. Ctr., 19 F.3d 449, 454 (9th Cir.
14 1994) (to meet the second prong "the complaining party 'need only show that it is reasonable
15 to expect that [it] will engage in conduct that will once again give rise to the assertedly moot
16 dispute").

17 At all events, this is not a case where, as in Schaefer, the plaintiff is merely silent on
18 whether he intends to participate in the next election. This is a case where the plaintiff has
19 affirmatively stated that he will not. In order to give some meaning to the second prong of
20 the "capable of repetition" exception, we conclude that under these circumstances there is
21 no reasonable expectation that the same controversy involving Wolfson will recur.
22 Therefore, we conclude that Wolfson's claims are not capable of repetition and that the case
23 is now moot.

24 **IT IS ORDERED DENYING** Wolfson's motion for summary judgment (doc. 35),
25 and **GRANTING** the Commission Defendants' motion to dismiss (doc. 19), and
26 **GRANTING** Bar Counsel's motion to dismiss (doc. 20), on the ground of mootness.
27 DATED this 14th day of January, 2009.
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
Frederick J. Martone
United States District Judge

- 6 -